HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS INC.,

  Plaintiff,

  v.

HAROLD SMITH & SON, INC., a California corporation,

  Defendant.

CASE NO. C20-552-RAJ

ORDER

## I.   INTRODUCTION

This matter comes before the Court on Plaintiff's motion for default judgment. Dkt. # 8.  Having reviewed the record, the Court **GRANTS** the motion and directs the clerk to enter default judgment as directed at the conclusion of this order.

## II.   BACKGROUND

Plaintiff, the authorized administrative agent for and assignee of the Western Conference of Teamsters Pension Trust Fund, brought this action to obtain liquidated damages, interest, attorney's fees and costs related to Defendant Harold Smith & Son, Inc.'s failure to remit monthly pension contributions in a timely fashion over a four-

month period. Dkt # 8 at 2.  Defendant's registered agent, Pam Raybould, was properly served on April 24, 2020.  Dkt. # 6-1 at 2.  Defendant failed to file a response to the complaint.  On May 29, 2020, Plaintiff filed a motion for default against Defendant.  Dkt. # 6.  On June 1, 2020, a Clerk's Order of Default was issued.  Dkt. # 7.  On June 26, 2020, Plaintiff filed a motion for default judgment.  Dkt. # 8.  Defendant again failed to file a response.

### III.  LEGAL STANDARD

At the default judgment stage, a court presumes all well-pleaded factual allegations are true, except those related to damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987); *see also Fair House. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  The entry of default judgment under Rule 55(b) is "an extreme measure," and disfavored cases should be decided on their merits whenever reasonably possible.  *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002); *also see Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 55(b)(1) permits a court to enter default judgment when a plaintiff's claim "is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1).  In moving a court for default judgment, a plaintiff must submit evidence supporting the claims for a particular sum of damages.  Fed. R. Civ. P. 55(b)(2)(B).  In determining damages, a court can rely on declarations submitted by a plaintiff.  *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1046 (N.D. Cal. 2010).  Where there is evidence establishing a defendant's liability, a court has discretion, not an obligation, to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *see also Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988).

### IV.  DISCUSSION

Plaintiff has presented evidence that establishes that Defendant was delinquent in its monthly contributions to the pension fund for the period between January 2020

through April 2020.  Dkt # 8 ¶ 11.  Defendant made four delayed payments in 2020: (1) January (due February 10, 2020 and received on April 27, 2020); February (due March 10, 2020 and received on May 18, 2020); March (due April 10, 2020 and received May 18, 2020), and April (due May 10, 2020 and received on June 8, 2020).  *Id.*

Pursuant to the terms of the parties' Agreement and Declaration of Trust, Defendant is required to pay liquidated damages equal to twenty percent of delinquently paid contributions, interest on the amount due, as well as attorney's fees and costs.  Dkt. # 9-1 at 5.  Plaintiff has shown the interest rate at the time the contributions were due was five percent per annum.  Dkt. # 8-1 at 4.  Plaintiff has provided evidence of the amount delinquent for each month and has calculated the total amount due accordingly:

| Month | Delinquent contribution | Liquidated damages (20% of contribution) | Interest (5% per annum) |
|---|---|---|---|
| January 2020 | $15,956.50 | $3,191.30 | $168.31 |
| February 2020 | $16,247.00 | $3,249.40 | $153.57 |
| March 2020 | $17,263.75 | $3,452.75 | $89.87 |
| April 2020 | $18,410.00 | $3,682.00 | $73.14 |
| Total | | $13,575.45 | $484.88 |

Dkt. # 9-1 at 11-24.

Accordingly, Plaintiff has shown that it is entitled to liquidated damages in the amount of $13,575.45 and interest in the amount of $484.88.  *Id.*  Plaintiff has also presented evidence of attorney's fees and costs.  Dkt # 8 ¶ 15.  In accordance with *Trustees of the Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1256-57 (9th Cir. 2006), the Court awards the hourly fees of both Plaintiff's counsel and counsel's hourly-billing support staff.  The Court finds that Plaintiff's evidence supports an attorney fee award of $1,008 and costs of $545.  Dkt. # 8-1 at 6.

ORDER- 3

## V.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED** that:

(1) Default judgment is entered in favor of Northwest Administrators Inc. and against Harold Smith & Son Inc.; and,

(2) Default judgment is for the total amount of $15,613.33.

Dated this 20th day of August, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER- 4